SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ALBERT B. SAMBAT (CABN 236472)
Special Assistant U.S. Attorney

   450 Golden Gate Ave (11th Floor)
   San Francisco, CA 94102
   Telephone: (415) 436-7200

Attorneys for the United States

FILED
DEC 20 PM 1:15
RICHARD W. WIEKING
CLERK, U.S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

3 07 70758 MEJ

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. |
|    Plaintiff, ) | |
| ) | NOTICE OF PROCEEDINGS ON |
| v. ) | OUT-OF-DISTRICT CRIMINAL |
| ) | CHARGES PURSUANT TO RULES |
| MICHAEL SUTTON, ) | 5(c)(2) AND (3) OF THE FEDERAL RULES |
| ) | OF CRIMINAL PROCEDURE |
|    Defendant. ) | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on December 20, 2007, the above-named defendant was arrested based upon an arrest warrant (copy attached) issued upon an

☐ Indictment

☐ Information

☐ Criminal Complaint

X Other (describe) <u>Arrest Warrant for Supervised Release Violations.</u>

pending in the <u>Southern</u> District of <u>California</u>, Case Number <u>03- CR-2335-001-L</u>.

//

//

1

1  In that case, the defendant is charged with a violation(s) of Title 18 United States Code,
2  Section 3583(e).
3  Description of Charges: <u>Violation of conditions of Supervised Release</u>.

                                          Respectfully Submitted,
                                          SCOTT N. SCHOOLS
                                          UNITED STATES ATTORNEY

Date: December 20, 2007

                                          ALBERT B. SAMBAT
                                          Special Assistant U.S. Attorney

PROB 12C
(04/05)

December 1, 2006

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
06 DEC -5 AM 9:25

Petition for Warrant or Summons for Offender Under Supervision

DEPUTY

Name of Offender: Michael SUTTON (English)    Dkt No.: 03-CR-2335-001-L

Reg. No.: 57135-080

Name of Sentencing Judicial Officer: The Honorable M. James Lorenz, U.S. District Judge

Date of Sentence: December 10, 2003

Original Offense: 8 U.S.C. § 1324 (a)(2)(B)(iii), Bringing in Illegal aliens Without Presentation, a Class C felony.

Sentence: 37 months custody; 3 years supervised release *(Special Conditions: No firearms; search; not associate with undocumented aliens or alien smugglers; not enter nor reside in the Republic of Mexico without the permission of the Court or the probation officer; report all vehicles; participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling; participate in a program of mental health treatment; resolve all outstanding warrants within 120 days; enroll and complete a residential drug treatment program if directed to do so by the probation officer.)* $100 special assessment.

March 28, 2006: Supervised release modified to include residence in a community corrections center (CCC) as directed by the probation officer for a period of up to 120 days.

Type of Supervision: Supervised Release    Date Supervision Commenced: May 13, 2006

Asst. U.S. Atty.: Stephen F. Miller    Defense Counsel: Jeffrey W. Carver (Appointed)
(619)390-2864

Prior Violation History: None

## PETITIONING THE COURT

TO ISSUE A NO-BAIL BENCH WARRANT

PROB 12C
Name of Offender: Michael SUTTON                                    December 1, 2006
Docket No.: 03-CR-2335-001-L                                                  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| (Special Condition) Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. The offender may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(n.21)* | 1. | While participating in a drug treatment program, Mr. Sutton failed to submit urine samples at Mental Health Systems, Inc. (MHS) on July 6; August 7; and September 6, 14 and 19, 2006, as directed, and was unsuccessfully discharged from the testing program on September 26, 2006. |
| | 2. | While participating in a drug treatment program, Mr. Sutton failed to attend counseling at Vista Hill Bridges on June 4, 5, 7, 11, 12, 14, 18, 19, 21, 25, 26, and 28, 2006, as directed, and was unsuccessfully discharged from the counseling program on August 22, 2006. |

*Grounds for Revocation:* As to allegation 1, I have received and reviewed the MHS Noncompliance Reports, which confirm that on the above dates, Mr. Sutton failed to submit urine samples as directed in the prerecorded instructions. On September 26, 2006, the offender was unsuccessfully terminated from the MHS testing program. (It is noted that Mr. Sutton commenced drug treatment counseling at the Vista Hill Bridges drug treatment program on May 23, 2006.)

As to allegation 2, on May 15, 2006, I referred Mr. Sutton to the Vista Hill Bridges drug treatment program. He commenced treatment on May 23, 2006 and was to attend weekly group sessions on Monday, Tuesday and Thursday from 6:30 p.m. to 8:30 p.m.. On June 21, 2006, he obtained employment at the Loews Coronado Bay Resort, as a maintenance man. On July 11, 2006 and again on August 22, 2006, I was informed by staff at the drug treatment program that the offender had not attended group treatment since he obtained his new job at Loews.

On August 9, 2006, I addressed with Mr. Sutton his failure to attend counseling. He indicated that as he had missed at least 2 counseling sessions, he would have to start the program over and reported that he would re-enroll on Monday, August 14, 2006. He noted that his inability to comply with counseling mandates was due to his work schedule as he was covering another employee's shift, which conflicted with the scheduled group treatment sessions.

On August 22, 2006, I was contacted by one of the counselors, who reported that Mr. Sutton, never re-enrolled and was unsuccessfully discharged from the counseling program due to numerous absences from

PROB 12C

Name of Offender: Michael SUTTON  
Docket No.: 03-CR-2335-001-L

December 1, 2006  
Page 3

counseling. On October 17, 2006, I received and reviewed the Vista Hill Bridges Adult Recovery Program Progress Report, which noted that the Mr. Sutton failed to report for the group counseling sessions noted above.

(Special Condition)
Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The offender may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. *(nv22)*

3. Mr. Sutton failed to report to MHS for individual counseling on July 18; August 28; and September 11, 2006, as directed.

***Grounds for Revocation:*** As to allegation 3, I have received and reviewed the MHS Noncompliance Reports, which confirms that on the above dates, Mr. Sutton failed to attend individual counseling, as directed. MHS records reflect that he was assessed for counseling needs on May 22, 2006 and agreed that it would be beneficial for him. He attended two individual mental health sessions on June 7 and 21, 2006, but failed to report for the pre-scheduled sessions listed in the allegation.

When confronted by this officer (on August 9, 2006), Mr. Sutton advised that he did not really believe counseling was all that important and he agreed to attend as he believed the therapist was really nice and helpful. He did not believe that it was mandated for him to attend. I instructed him to re-schedule another counseling session with the therapist and discuss whether or not counseling should continue. He never made another appointment.

PROB 12C

Name of Offender: Michael SUTTON
Docket No.: 03-CR-2335-001-L

December 1, 2006
Page 4

**(Standard Condition)**
Notify the probation officer ten days prior to any change of residence or employment. *(nv11)*

4. On or about September 4, 2006, Mr. Sutton failed to report his change in employment as directed.

5. On or about August 31, 2006, Mr. Sutton failed to report his change in residence and his current whereabouts are unknown.

***Grounds for Revocation:*** As to allegation 4, on September 11, 2006, I contacted Mr. Sutton's employer at Loews Coronado Bay Resort and was informed that he failed to report for work on Saturday and Sunday (September 2 and 3, 2006) of the Labor Day weekend and that he has not been heard from since. He was terminated for job abandonment. His employer was quite concerned as, up to this time, Mr. Sutton was a valued employee and they were quite pleased with his job performance. Mr. Sutton failed to report to the probation officer his change of employment.

As to allegation 5, on September 14, 2006, I received a telephone call from Mr. Sutton's landlord, reporting that she had not seen him since August 31, 2006 and that he took everything from his room with the exception of two shirts, a pair of tennis shoes and some keys. Mr. Sutton was renting a room in his landlord's two bedroom condominium. The offender has not been heard from since. Mr. Sutton failed to report to the probation officer his change of residence and his whereabouts are currently unknown.

**(Standard Condition)**
Report to the probation officer and submit a truthful and complete written report within the first five days of the month. *(nv7)*

6. Mr. Sutton has not submitted his August, September, October and November, 2006 monthly supervision reports as directed.

***Grounds for Revocation:*** I have reviewed the Mr. Sutton's U.S. Probation case file and noted he has not submitted the monthly supervision reports listed in this allegation.

PROB 12C

Name of Offender: Michael SUTTON  
Docket No.: 03-CR-2335-001-L

December 1, 2006  
Page 5

U.S. Probation Officer Recommendation: If found in violation, that supervised release be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 1, 2006

Respectfully submitted:

by _____  
James L. Whelpley  
U.S Probation Officer  
619-557-2648

Reviewed and approved:

_____  
Manuel C. Alonzo  
Supervising U.S. Probation Officer

Attachments

THE COURT ORDERS:

✓   A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

____   Other _____

_____  
The Honorable M. James Lorenz  
U.S. District Judge

12/1/06  
Date

jlw/jlw  
(MD) for CLK